UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BRADLEY LAURENT,
       Plaintiff,

v.                                          Civil Action No. 1:25-cv-11663-RGS

BRIGHAM AND WOMEN'S HOSPITAL,
       Defendant.

## PLAINTIFF'S MOTION FOR SANCTIONS
## PURSUANT TO FED. R. CIV. P. 11

Plaintiff Bradley Laurent, proceeding pro se, respectfully moves this Court for sanctions pursuant to Fed. R. Civ. P. 11 against Defendant's counsel.

## I. INTRODUCTION

This motion arises from Defendant's filing of a Motion for Protective Order to Stay Discovery (Dkt. 48), accompanied by a Local Rule 7.1 certification (Dkt. 49), which collectively present concerns regarding the accuracy and evidentiary support of representations made to the Court.

Specifically, Defendant certified that a good-faith conferral occurred, while simultaneously asserting positions regarding Plaintiff's conduct and filings that were incomplete, contextually misleading, or unsupported by the procedural record.

As demonstrated by Exhibit A, the actual communications between the parties do not reflect a meaningful effort to resolve or narrow the issues as required by Local Rule 7.1.

When viewed together, these filings raise substantial concerns under Rule 11(b), particularly with respect to factual accuracy and the duty of reasonable inquiry.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 11(b), by presenting a filing to the Court, an attorney certifies that:

- factual contentions have evidentiary support;
- legal arguments are warranted by existing law; and
- the filing is not presented for an improper purpose.

If violated, the Court may impose sanctions sufficient to deter repetition. Fed. R. Civ. P. 11(c).

## III. ARGUMENT

### A. The Local Rule 7.1 Certification Raises Substantial Questions as to Accuracy

Defendant's counsel certified under Local Rule 7.1 that:

*"a good faith attempt was made to resolve or narrow the issues."*

However, the record evidence reflects that no meaningful conferral occurred that could reasonably satisfy the requirements of Local Rule 7.1.

As reflected in Exhibit A, the parties' communications consisted of:

- a brief scheduling exchange,
- a single phone call, and
- immediate written confirmation of disagreement.

Following that communication, Plaintiff expressly stated that he did not agree to any stay of discovery and reaffirmed his position that discovery should proceed.

Plaintiff further clarified in writing that:

- no agreement was reached;

- no issues were narrowed; and

- the substance of the discussion did not support the characterization presented in the certification.

The record therefore demonstrates that while communication occurred, it did not rise to the level of a meaningful, good-faith effort to resolve or narrow the dispute as required by Local Rule 7.1.

Accordingly, the certification presents a materially overstated characterization of the parties' interaction, raising a substantial question as to whether it was supported by a reasonable factual basis at the time it was made.

## B. Defendant's Motion to Stay Discovery Relied on Incomplete and Selective Characterizations

In support of its motion, Defendant asserted that Plaintiff:

- filed multiple documents "not in accordance with" applicable rules; and

- engaged in conduct justifying a stay of discovery.

These assertions were presented without identifying specific rule violations, court findings, or supporting authority.

At the same time, Defendant omitted key procedural facts, including:

- that Plaintiff had already sought leave to amend;

- that the case remained at an early stage; and

- that no discovery had yet taken place.

This selective presentation resulted in a materially incomplete depiction of the procedural posture and was used to support a request for a complete stay of discovery.

## C. The Motion Does Not Reflect a Full and Reasonable Inquiry into the Procedural Posture

Rule 11 requires that counsel conduct a reasonable inquiry before presenting factual and legal assertions to the Court.

Here, Defendant sought a complete stay of discovery based solely on a pending motion to dismiss, without adequately addressing:

- Plaintiff's pending request to amend;
- the absence of any developed factual record; and
- the availability of less restrictive alternatives, such as phased or limited discovery.

The omission of these considerations suggests that the motion did not fully reflect the procedural realities of the case at the time it was filed.

### D. The Combined Effect of the Filings Warrants Rule 11 Review

Individually, each issue raises concern.

Collectively, the filings demonstrate:

- a certification that does not align with the actual conferral process;
- factual assertions lacking specificity or evidentiary grounding; and
- a motion that relies on an incomplete procedural narrative.

Taken together, these issues fall within the scope of Rule 11(b)'s requirement that filings be accurate, supported, and the product of a reasonable inquiry.

### IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Determine that Defendant's filings warrant review under Fed. R. Civ. P. 11;

2. Require Defendant's counsel to address the discrepancies identified in this motion;

3. Impose appropriate sanctions under Rule 11(c), including non-monetary directives as the Court deems proper; and

4. Grant any additional relief necessary to ensure compliance with Rule 11 going forward.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Motion for Sanctions be granted.

Respectfully submitted,

/s/ Bradley Laurent
Bradley Laurent, Pro Se
16 Gordon St
Framingham, MA 01702
617-906-4666
laurentbradley0@gmail.com

Dated: March 27, 2026

## CERTIFICATE OF SERVICE

I certify that on March 27, 2026, I served this Motion through the Court's CM/ECF system on counsel for Defendant.

/s/ Bradley Laurent